# Staunton.

## DANNER'S ADM'R v. FREDERICK AND ALS.

### SEPTEMBER 23d, 1886.

EQUITABLE JURISDICTION AND RELIEF—*Mistakes—Case at bar.*—
Upon settlement in 1857, F. executed his bond to D. for $950, who
signed a writing reciting the bond and agreeing to correct any mis-
takes in the settlement. Judgment at law was had on the bond in
1871, when the same agreement was entered on the record. Same
was also entered in suit in chancery on the judgment in 1875. In
1881 report was recommitted for production of evidence of addi-
tional credits. In 1883, the master reported a credit of $432, as of
date of settlement in 1857, and his report was confirmed—

HELD:
    The credit was properly allowed.

Appeal from decree of circuit court of Shenandoah county,
entered September 20, 1883, in the cause of John Glaize,
sheriff, and as such administrator of Charles Chase against
Philip E. Frederick's heirs. The decree allowed a setoff of
$432 against the principal of a judgment as of the date of the
bond whereon it was founded, in pursuance of a contemporaneous
written agreement to correct all errors and mistakes. From
this decree Danner's administrator appealed.

Opinion states the case.

*John J. Williams* and *M. L. Walton,* for the appellant.

*John E. Roller* and *H. C. Allen,* for the appellees.

HINTON, J., delivered the opinion of the court.

The sole question in this case is as to the propriety of the allowance of a setoff of $432, which, with interest, amounts to something over $1,000, against the claim of the appellant, evidenced by two judgments and audited in the cause of Chase's adm'r against Philip E. Frederick's heirs.

It appears by the record that upon a settlement of accounts had on the 28th February, 1857, between Phillip E. Frederick and Jacob S. Danner, Frederick gave Danner his bond for $950, and that contemporaneously with the execution of the bond, a paper was written and signed by Danner, and by it the said Jacob S. Danner, after reciting the execution of the bond, agreed that all errors and mistakes in the settlement that resulted in the execution of the bond should be corrected, and that Frederick should have credit on said bond to the extent of such errors and mistakes in the said settlement as might be discovered thereafter. Upon this debt two judgments were obtained—one at March term, 1871, for $750, and one at May term, 1871, for $200, both with interest from March 1, 1857. When judgment was entered in the suit at law, the same agreement was, by consent of parties, it would seem, entered in the order book.

In the chancery suit, both at the April term, 1875, and the April term, 1881, this right of Frederick to have any errors in the settlement of 1857 corrected, is again recognized in the decrees of the court. And at the last mentioned term the report of the commissioner is recommitted for the purpose of enabling him to produce evidence of any additional credits, but before the next term Frederick died.

Nothing was done in the cause until September term, 1882, when the cause was revived, and by the decree entered at that term the commissioner was again directed to convene all the creditors of said Frederick, and audit all proper debts.

In his report, dated March 29, 1883, the commissioner, acting under an order of September term, 1882, requiring him "to reform and remodel accounts of debts as may be proper from the evidence and vouchers before him," again audits these judgments and credits them by the above-mentioned sum of $432, as of the date of the settlement of 1857, and by a decree of September term, 1883, his report is confirmed.

We think the credit was properly allowed. Here, it will be perceived, it is admitted by the creditor at the very outset that it is likely there may be counter demands which have not been produced. Indeed, this seemed so probable to both parties, that as one of the terms of the settlement Danner agreed in writing that such demands should be allowed whenever established. Without this promise on the part of Danner, it would seem to be almost certain that the bond from Frederick to Danner would never have been executed. Nor has there been any laches that should preclude the court from decreeing in favor of such credits, for not only can there be no pretense that the claim was ever abandoned, but, on the contrary, the claim of credit was continuously asserted from the time of the giving of the bond in 1857 down to the date of the decree complained of.

Under these circumstances we are not surprised to find the commissioner saying in his report that two-thirds of this claim of credits is well sustained by Danner's books, and that "one item of the excess, amounting to $50," is not carried out, though entered on said books, and that for another item of the excess, amounting to $125, Danner's receipt was produced.

We perceive no error in the decree appealed from, and the same must be affirmed.

DECREE AFFIRMED.